IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )   Chapter 7
                                )
Argose, Inc.,                   )   Case No. 04-12533 (MFW)
                                )
              Debtor.           )
_____ )

MEMORANDUM OPINION[1]

Before the Court is the chapter 7 Trustee's uncontested Motion for Entry of an Order Modifying Final Order Approving the Stipulation Authorizing Chapter 7 Trustee to Use Cash Collateral and Agreement for Liquidation of Debtor's Collateral and Approving Limited Notice (the "Modification Motion"). For the reasons set forth below, the Modification Motion will be denied.

I.   BACKGROUND

On September 4, 2004, Argose, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The office of the United States Trustee appointed George L. Miller (the "Trustee") as the chapter 7 Trustee. The Debtor had been engaged in the glucose technology industry. Its assets consisted primarily of intellectual property, research data, and cash of approximately $200,000.

_____

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014.

On December 3, 2004, the Court entered a final order which approved a stipulation between the Trustee and INVESCO Private Capital, Inc. (the "Lender") authorizing the Trustee to use cash collateral to liquidate the Debtor's assets for the benefit of the Lender (the "Stipulation"). The Stipulation provided that $50,000 plus either $25,000 or 5 percent of the proceeds of the sale of the assets, whichever is less, would be paid to the unsecured creditors. The Stipulation also provided that the direct costs of maintaining the assets, including patent counsel's fees, would be paid in full. Those costs totaled $120,158.43. In contrast, the Stipulation provided for payment of fees of the Trustee's general counsel subject to a $50,000 cap.

On November 17, 2004, the Court authorized the Trustee to employ Janssen, Keenan & Ciardi as general counsel to the Trustee. On July 20, 2005, the Court approved the retention, nunc pro tunc, of Ciardi & Ciardi, PC as substitute general counsel to the Trustee. On October 7, 2005, and December 28, 2006, the Court approved the final fee applications for the Trustee's general counsel, which totaled $77,805. Even though the allowed fees exceeded the Stipulation's cap by $27,808, the Trustee paid them.

The Modification Motion before the Court asks that the cap be modified because of "unanticipated" complexity in the

protection, marketing and sale of the assets.  The Modification

Motion also requests a reduction in the unsecured creditors'

carve-out from $50,000 to $30,000 because of the need to render

these "unanticipated" services.  The Modification Motion seeks

permission to limit notice of the Motion under Rule 2002(m) of

the Federal Rules of Bankruptcy Procedure.

Although there was no objection to the Motion, a hearing was

held on May 9, 2007, at which time the Court advised the

Trustee's general counsel that it would review the Motion and the

final fee applications to determine if the relief requested was

warranted.

II.  <u>JURISDICTION</u>

The Court has jurisdiction over this matter pursuant to 28

U.S.C §§ 1334 & 157(a).  Consideration of this matter constitutes

a core proceeding under 28 U.S.C. § 157(b)(2)(M).

III.  <u>DISCUSSION</u>

A.  <u>Lack of Clarity</u>

The Modification Motion does not clearly state the specific

relief sought by the Trustee's general counsel.  The Motion

allows for two interpretations.  The Trustee may be requesting a

reduction in the unsecured creditor's carve-out to permit payment

of the $27,805 in general counsel fees that already exceeded the

cap.  If this is the case, however, it does not appear to be
necessary.  The Trustee has already paid general counsel's fees
in full as reflected on the cash disbursements report attached to
the motion and there is still more than $52,500 in the Trustee's
account to pay the unsecured creditors.

Alternatively, the Trustee could be seeking to reduce the
unsecured creditors' fund to permit him to pay an extra $20,000
to general counsel.  This request is without any further fee
application having been filed and would result in general counsel
receiving almost <u>double</u> the Stipulation's $50,000 cap.

The Court finds it unnecessary to decide which scenario is
correct as in neither case is the relief requested warranted.

    B.   <u>Section 105(a)</u>

The Modification Motion asserts that under section 105(a) of
the Bankruptcy Code, the court "must" allow the reduction in the
carve-out to the unsecured creditors.  The Court disagrees.
Section 105(a) actually states that "the court <u>may</u> issue any
order, process, or judgment that is necessary or appropriate to
carry out the provisions of this title."  11 U.S.C. § 105(a)
(emphasis added).  There is a big difference between may and
must.[2]

_____

    [2] <u>See</u>, Webster's II New Riverside University Dictionary
(Anne H. Soukhanov ed., The Riverside Publishing Company, 1984)
(defining "may" and "must," respectively, as "to be allowed or
permitted to," and "to be required or obliged by law, morality,
or custom."); <u>see</u> <u>also</u> Richard C. Wydick, Plain English for

4

The Trustee's general counsel argues, however, that the relief requested should be granted on equitable grounds under section 105(a) because he was told that the Debtor's intellectual property was worth millions, when, in fact, it sold for only $50,000.

Under section 105(a), the Court may modify an order if it is equitable to do so. In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 265 n.5 (3d Cir. 1991); see also In re Olsen, 861 F.2d 188, 189 (8th Cir. 1988) (stating that bankruptcy courts have general authority to change terms of their own orders when equity so requires); In re Radco Merch. Servs., Inc., 111 B.R. 684, 689 (N.D. Ill. 1990) ("like a court of equity, the bankruptcy court has the power to amend, modify, or vacate its earlier order."). Equitable remedies under section 105(a) are limited, however, and should be used only to further the substantive provisions of the Code. In re Joubert, 411 F.3d 452, 455 (3d Cir. 2005) (following In re Morristown & Erie R.R. Co., 885 F.2d 98, 100 (3d Cir. 1990)); see also In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002); United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986); Lawrence P. King, Collier on Bankruptcy, ¶ 105.01[2] at [105-7]- [105-8] (15th ed. rev. 2007).  The Trustee has failed to explain

_____

Lawyers, 64 (5th ed. Carolina Academic Press, 2005) (noting that "may" indicates that it is at the court's discretion or is permissive and "must" indicates that the court is required to do something).

how the modification of the Stipulation would further a
substantive provision of the Code and, thus, has failed to
justify equitable relief under section 105(a).

The Trustee claims, however, that relief under general
equitable principles is warranted because of the "unanticipated"
liaison services that the Trustee's counsel provided.  The Court
may set aside a stipulation under general equitable principles.
In re Royster Co., 132 B.R. 684, 689 (Bankr. S.D.N.Y. 1991).
However, "stipulations entered into freely and fairly, and
approved by the court, should not be lightly set aside."  Waldorf
v. Shuta, 142 F.3d 601, 616 (3d Cir. 1998) (quoting Kohn v.
American Metal Climax Inc., 458 F.2d 255, 307 (3d Cir. 1972),
partially overruled on other grounds en banc by Kershner v.
Mazurkiewicz, 670 F.2d 440, 448 (3d Cir. 1982)).  One instance
where a stipulation may be set aside is to prevent a manifest
injustice.[3]  Waldorf, 142 F.3d at 618; see also Royster, 132 B.R.
at 689 n.5.  Another instance is when "unforseen circumstances
have made the decree oppressive."  Royster, 132 B.R. at 689 n.5.

The Trustee has failed to show how granting the Modification
Motion would prevent a manifest injustice or how unforseen

---

[3] Courts have considered the following factors in
determining a manifest injustice: (1) the stipulation's effect on
the party seeking withdrawal, (2) the stipulation's effect on the
other parties, (3) whether relevant intervening events occurred
since the stipulation was filed, and (4) whether substantial
contrary evidence to the stipulation exists.  Waldorf, 142 F.3d
at 617-18.

circumstances have made the Stipulation oppressive.  The Trustee
asserts that proof of the "unanticipated" services can be found
in the previously approved fee applications.  In fact, there is
no evidence in the billing records of what services were
"unanticipated" for which additional reimbursement is sought.
The billing records simply describe normal attorney tasks in the
negotiation, sale and maintenance of the intellectual property.
Absent a redundant and costly cross-reference of countless
records, the Court sees no way in which Trustee's general counsel
could reliably distinguish such time entries, which span over two
years, to support this position.  Given the fact that the Trustee
has failed to show that the services rendered were actually
"unanticipated," there is no basis to prove that unforseen
circumstances have made the Stipulation oppressive or that
granting the Modification Motion would prevent a manifest
injustice.  Therefore, the Court will not grant the Modification
Motion on general equitable principles.

    C.   <u>Rule 60(b)</u>

    Additionally, the Trustee's counsel argues that equitable
relief should be granted because the Stipulation was voided by an
amended agreement between the parties.  This argument actually
falls under Rule 9024 of the Federal Rules of Bankruptcy
Procedure, which incorporates Rule 60 of the Federal Rules of
Civil Procedure.  Particularly, the Trustee's argument falls

under Rule 60(b)(4).  <u>See</u> Fed. R. Bankr. P. 9024 ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]"); Fed. R. Bankr. P. 9001(7) (defining "judgment" as "any appealable order").

When Rule 60(b) applies, the equitable powers of section 105(a) are limited to the confines of that rule.  <u>See generally In re Combustion Engineering, Inc.</u>, 391 F.3d 190, 236 (3d Cir. 2004) (holding that the general grant of equitable power contained in section 105(a) must be exercised within the parameters of the Code itself); <u>In re Durability Inc.</u>, 212 F.3d 551, 556 (10th Cir. 2000), rev'd on other grounds, 166 Fed. Appx. 321 (10th Cir. 2006) (unpublished) (holding that a party seeking amendment of a stipulation need only show good reason as long as the request "is not controlled by a rule of procedure"); <u>In re Met L-Wood Corp.</u>, 861 F.2d 1012 (7th Cir. 1988) (indicating that when Rule 60(b) applies, the inherent judicial power to reconsider judgments is proscribed by the scope of that rule).

The Trustee provided no evidence of such an amendment or that the amendment was ever approved by the Court.  The docket reflects that no amendment was filed.  Accordingly, there is no basis for the Trustee's argument that the Stipulation was voided by another agreement.

D.   Section 328

The Trustee also argues for relief from the Stipulation under both sections 328 and 330 of the Bankruptcy Code. Specifically, the Trustee invokes the improvident standard under section 328 and the reasonableness standard under section 330. The Court must approve a professional's fee application under section 328 or section 330, but not both.  F.V. Steel and Wire Co. V. Houlihan Lokey Howard & Zukin Capital, L.P., 350 B.R. 835, 839 (Bankr. E.D. Wisc. 2006); see also, In Re Barron, 225 F.3d 583, 586 (5th Cir. 2000).  In this case, the retention motions for the Trustee's counsel were filed under section 327 and the Court reviewed all fee applications for the Trustee's counsel and substitute counsel under section 330's reasonableness standard.

Additionally, section 328 and section 330 are not directly applicable to the situation at hand.  Sections 328 and 330 are the standards by which the Court must review and approve fees of professionals.  The fees of Trustee's counsel have already been approved in this case (totaling $77,805), which exceeds the Stipulation's $50,000 cap.  If the Trustee is seeking an additional $20,000 in fees, he has failed to submit the required fee application in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016.  See Fed. R. Bankr. P. 2016; Del. Bankr. L.R. 2016.  If this is the case, then the Trustee is requesting a nunc pro tunc approval of fees without a

9

fee application and a de facto guarantee of payment.  The Code
offers neither type of relief.

Although not clearly stated in the Modification Motion, the
Trustee's reference to section 328 could be an invocation of the
section by analogy to support his request for general equitable
relief.  The Trustee argues that the Stipulation has proven to be
improvident given the "unanticipated" developments in this case.
Section 328(a) states that the court may allow compensation
different from what was previously approved "if such terms and
conditions prove to have been improvident in light of
developments not capable of being anticipated at the time of
fixing of such terms and conditions."  11 U.S.C § 328(a).  The
improvident test under section 328 is foresight-driven, not
hindsight-determinative.  See In re Barron, 325 F.3d 690, 693
(5th Cir. 2003); In re High Voltage Eng'g Corp., 311 B.R.
320,330-31 (Bankr. D. Mass. 2004).  The Trustee's argument is
hindsight-driven.  He asserts that the Stipulation "is
improvident in light of the unanticipated developments in this
case . . . ."  The Stipulation is not improvident because the
alleged "unanticipated" developments were capable of being
anticipated at the time of the fixing of the Stipulation's terms
and conditions.  The Trustee and general counsel certainly could
have anticipated that the assets would not be sold for much at
the time the Stipulation was executed.  Therefore, the Trustee's

10

use of section 328 by analogy to advance his equitable argument fails.

     E.   <u>Motion to Limit Notice Need Not Be Considered</u>

Because the Trustee's motion will be denied, the request to limit notice need not be considered at this time.


IV.  <u>CONCLUSION</u>

For the reasons stated above, the Trustee's Motion will be denied.

An appropriate order is attached.



Dated: August 6, 2007         BY THE COURT:


                     Mary F. Walrath
                     United States Bankruptcy Judge