IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )    Chapter 7
                                )
Argose, Inc.,                   )    Case No. 04-12533 (MFW)
                                )
                Debtor.         )
_____ )

### MEMORANDUM OPINION[1]

Before the Court is the chapter 7 Trustee's Motion for
Reconsideration of this Court's Order entered on August 6, 2007,
denying the Trustee's Motion for Entry of an Order Modifying
Final Order Approving the Stipulation Authorizing Chapter 7
Trustee to Use Cash Collateral and Agreement for Liquidation of
Debtor's Collateral and Approving Limited Notice (the
"Modification Motion").  For the reasons set forth below, the
Reconsideration Motion and Modification Motion will be granted.


I.   BACKGROUND

The factual background to the Modification Motion is
detailed in the Memorandum Opinion accompanying the Order denying
that Motion and will only be repeated here as necessary.

Argose, Inc. (the "Debtor") filed a voluntary petition for
relief under chapter 7 of the Bankruptcy Code on September 4,
2004.  George L. Miller (the "Trustee") was appointed the chapter

---

[1] This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Rule 7052 of the
Federal Rules of Bankruptcy Procedure, which is made applicable
to contested matters by Rule 9014.

7 Trustee.  On December 3, 2004, the Court approved a stipulation
between the Trustee and INVESCO Private Capital, Inc. (the
"Lender") authorizing the Trustee to use cash collateral to
liquidate the Debtor's assets for the benefit of the Lender (the
"Stipulation").  The Stipulation provided a carve-out from the
Lender's collateral of $50,000 for the Trustee's general counsel
fees and $50,000 for the unsecured creditors.

The Court approved the final fee applications of the
Trustee's general counsel, which totaled $81,393.50.[2]  Even
though the allowed fees exceeded the Stipulation's cap, the
Trustee paid them.

The Trustee filed the Modification Motion which sought an
increase in the cap on general counsel's fees and concomitant
reduction in the unsecured creditors' carve-out because of
"unanticipated" complexity in the protection, marketing and sale
of the assets.  After a hearing held on May 9, 2007, the Court
denied the Modification Motion because (1) it was unclear why the
modification was needed as there appeared to be sufficient funds
in the estate to pay the unsecured creditors' carve-out and the
increased counsel fees and (2) there appeared to be no basis for
the requested relief.

The Trustee filed the Reconsideration Motion on August 16,
2007, and a hearing was held on September 19, 2007.  No

---

[2]  The original Memorandum Opinion incorrectly stated that
counsel fees had been approved in the amount of $77,505.

2

objections were filed.  The matter is ripe for decision.

II.  <u>JURISDICTION</u>

The Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1334 & 157(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

III. <u>DISCUSSION</u>

A.  <u>Clarification</u>

At the hearing on the Reconsideration Motion, counsel for the Trustee clarified that the relief requested in the Modification Motion is necessary notwithstanding the fact that the estate has more than $52,500 in cash on hand.  Counsel explained that, although all professionals have been paid, the Trustee's commission (which statutorily could be as high as $16,165.91) has not been paid.  Therefore, counsel contends there would be insufficient funds to pay unsecured creditors the $50,000 carve-out allotted them in the Stipulation with the Lenders.

In addition to clarifying the amount of fees already approved for it, counsel explained that it was not seeking any fees in addition to the $81,393.50 already paid.  Counsel noted that the Stipulation provided that the carve-out for general counsel fees of $50,000 "will be renegotiated depending upon the complexity of sale of the Post-Petition Collateral."

3

(Stipulation at § D.4b(b).)  That was done when the sale of the assets of the estate took longer and realized fewer proceeds than anticipated.

Counsel argued that, because the unsecured creditors in the case had not been parties to the Stipulation, they had no expectation of receiving the $50,000 carve-out.

B.    Modification

Based on the representations of counsel for the Trustee and after review of the Stipulation and record in this case, the Court is convinced that the relief requested in the Trustee's Motions should be granted.

In the Stipulation, the Trustee acknowledged that the Lenders had secured claims of approximately $8.3 million as of the filing of this case.  (Stipulation at §C.1.)  The Court takes judicial notice of the Schedules filed in this case which evidence that there are no priority claims and general unsecured claims total only $155,193.39.

The Stipulation provided for a carve-out of the expenses necessary to administer this case, as well as a recovery for unsecured creditors.  At the time, it was anticipated that the assets of the estate would be sold for enough to pay these carve-outs and provide a recovery for the Lenders.  Unfortunately, that did not materialize.  The principal assets of the estate were sold for only $50,000.

4

The Court has the power under section 105(a) of the Code to
modify an order if equity so requires.  See, e.g., In re Marcus
Hook Dev. Park, Inc., 943 F.2d 261, 265 n.5 (3d Cir. 1991)
(holding that the court retains jurisdiction under section 105 to
modify sale order under Rule 60(b) if it is appropriate to do
so); In re Olsen, 861 F.2d 188, 189 (8th Cir. 1988) (stating that
bankruptcy courts have general authority to change terms of their
own orders when equity so requires); In re Radco Merch. Servs.,
Inc., 111 B.R. 684, 689 (N.D. Ill. 1990) ("[l]ike a court of
equity, the bankruptcy court has the power to amend, modify, or
vacate its earlier orders.").  Equitable remedies under section
105(a) are limited, however, and should be used only to further
the substantive provisions of the Code.  In re Joubert, 411 F.3d
452, 455 (3d Cir. 2005) (following In re Morristown & Erie R.R.
Co., 885 F.2d 98, 100 (3d Cir. 1990)); see also In re Jamo, 283
F.3d 392, 403 (1st Cir. 2002); United States v. Sutton, 786 F.2d
1305, 1308 (5th Cir. 1986); Lawrence P. King, Collier on
Bankruptcy ¶ 105.01[2], at [105-7]-[105-8] (15th ed. rev. 2007).

In this case, the Court concludes that a modification will
not offend any provision of the Code.  Because all the assets of
the estate were the collateral of the Lenders and because the
Lenders agreed to the use of that collateral in the manner now
requested by the Trustee, the Court will grant the Modification
Motion and permit the reduction of the anticipated distribution
to unsecured creditors in an amount necessary to pay the

5

Trustee's commission as may be approved by this Court.

IV.   <u>CONCLUSION</u>

    For the reasons stated above, the Trustee's Motion for Reconsideration and Motion for Modification will be granted.

    An appropriate order is attached.


Dated: October 19, 2007        BY THE COURT:

                              Mary F. Walrath
                              United States Bankruptcy Judge